Jeffrey D. Goodwin, OSB #123269
jdg@heartofthevalleylaw.com
Heart of the Valley Law
P.O. Box 987
Corvallis, OR 97339
Telephone:    (541) 257-8585
Fax:              (541) 359-3073

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| Jorge Doe, Mary doe, and all other unlawfully detained minor children, <br><br> Plaintiffs. <br><br> vs. <br><br> Donald Trump, President of the United States of America, <br><br> Defendant. <br> _____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 6:18-cv-1073 <br><br> COMPLAINT FOR LEGAL AND EQUITABLE RELIEF, JUDICIAL REVIEW, AND INJUNCTION |

1.

COME NOW PLAINTIFFS, Jorge Doe, Mary Doe, and all other unlawfully detained minor children, by and through their attorney, Jeffrey D. Goodwin OSB#123269, and Petitions this honorable Court for legal and equitable relief consistent with State, Federal, and international law, as follows:

2.

At present, in addition to Jorge Doe, and Mary Doe, an estimated 2,432 other

minor children (all of which are Plaintiffs), have been detained without their parents consent, and are held by the United States of America without trial, the right to assistance of counsel, and other basic fundamental human rights under the laws of the several states, the United States, and international laws including but not limited to the Convention on the Rights of the Child, duly adopted as international law by the United Nations and signed (assented to) by the United States of America.

3.

Among the rights of Plaintiffs violated by the United States of America is the rights outlined under Article 9 and Article 10 of the Convention of the rights of the child, which reads:

Article 9

1. States Parties shall ensure that a child shall not be separated from his or her parents against their will, except when competent authorities subject to judicial review determine, in accordance with applicable law and procedures, that such separation is necessary for the best interests of the child. Such determination may be necessary in a particular case such as one involving abuse or neglect of the child by the parents, or one where the parents are living separately and a decision must be made as to the child's place of residence.

2. In any proceedings pursuant to paragraph 1 of the present article, all interested parties shall be given an opportunity to participate in the proceedings and make their views known.

3. States Parties shall respect the right of the child who is separated from one or both parents to maintain personal relations and direct contact with both parents on a regular basis, except if it is contrary to the child's best interests.

4. Where such separation results from any action initiated by a State Party, such as the detention, imprisonment, exile, deportation or death (including death arising from any cause while the person is in the custody of the State) of one or both parents or of the child, that State Party shall, upon request, provide the parents, the child or, if appropriate, another member of the family with the essential information concerning the whereabouts of the absent member(s) of the family unless the provision of the information would be detrimental to the well-being of the child. States Parties shall further ensure that the submission of such a request shall of itself entail no adverse consequences for the person(s) concerned.

Article 10

1. In accordance with the obligation of States Parties under article 9, paragraph 1, applications by a child or his or her parents to enter or leave a State Party for the purpose of family reunification shall be dealt with by States Parties in a positive, humane and expeditious manner. States Parties shall further ensure that the submission of such a request shall entail no adverse consequences for

the applicants and for the members of their family.

2. A child whose parents reside in different States shall have the right to maintain on a regular basis, save in exceptional circumstances personal relations and direct contacts with both parents. Towards that end and in accordance with the obligation of States Parties under article 9, paragraph 1, States Parties shall respect the right of the child and his or her parents to leave any country, including their own, and to enter their own country. The right to leave any country shall be subject only to such restrictions as are prescribed by law and which are necessary to protect the national security, public order (ordre public), public health or morals or the rights and freedoms of others and are consistent with the other rights recognized in the present Convention.

4.

These same rights are guaranteed as fundamental human rights, rights guaranteed to all persons subject to the jurisdiction and control of the United States of America and anywhere within the United States or anywhere subject to their jurisdiction by both the constitutions of each and every of the several states and of the United States of America.

5.

Now, Plaintiffs and each of Plaintiffs individually and collectively, by and through counsel, **Petition this Court** for the following relief:

6.

Monetary damages in an amount not to exceed $1000 per day for each of Plaintiffs for each day in which that child is held or has been held without their parents consent or in a manner inconsistent with the law (with damages continuing to accrue so long as Defendant's unlawful conduct continues), together with pre-judgment and post-judgment interest at a rate no less than 10% thereon until paid, together with Plaintiffs' reasonable and necessary attorney fees and costs incurred herein.

7.

Judicial review of any and all executive or administrative decisions of the United States of America affecting any of Plaintiff's, including action on a writ of habeas corpus, filed herein, requiring that each and every Plaintiff be brought immediately and personally before this Court to be heard and allowed the opportunity to meet with Counsel and challenge Defendants unlawful action, including review of the decision to separate Plaintiff's from their parents.

8.

Entry of an injunction ordering **Defendant** to stop separating any child in the United States from that child's parents unless and until further order of the Court, and

Heart of the Valley Law
PO Box 987, Corvallis, OR 97339
Tel: 541-257-8585 Fax: 541-359-3073

requiring that any child separated from his parents subsequent to the filing of this petition be immediately reunited with their parents subject to review by this Court at Defendant's request.

9.

Any other relief consistent with State, Federal, or International law governing the rights of children and families as the Court deems just and equitable.


Dated: June 20, 2018                              s/ Jeffrey D. Goodwin
                                                  Jeffrey D. Goodwin, OSB #123269
                                                  P.O. Box 987
                                                  Corvallis, OR 97339
                                                  Telephone: (541) 257-8585
                                                  Fax: (541) 359-3073
                                                  jdg@heartofthevalleylaw.com
                                                  Attorney for Plaintiffs